Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# OPINION

No. 04-08-00244-CV

Kenneth **RATTNER**,
Appellant

v.

John **CONTOS** and the Contos Family Trust,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-09491
Honorable Karen H. Pozza, Judge Presiding

**OPINION ON APPELLANT'S MOTION FOR REHEARING**

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   May 20, 2009

REVERSED AND REMANDED

        In light of the recent decision of the Texas Supreme Court in *Retamco Operating, Inc., v. Republic Drilling Co.,* 278 S.W.3d 333 (Tex. 2009), we grant Kenneth Rattner's motion for rehearing.  This court's memorandum opinion and judgment dated February 11, 2009, are withdrawn, and this opinion and judgment are substituted.

Kenneth Rattner challenges the trial court's order granting the special appearance by nonresident defendants, John Contos and the Contos Family Trust. In two issues, Rattner contends the trial court erred by concluding that it could not properly exercise jurisdiction over Contos and the Contos Family Trust. Because we conclude that Contos' actions subjected him and the Trust to the jurisdiction of Texas courts, we reverse the trial court's judgment and remand for trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Kenneth Rattner sued John Contos and the Contos Family Trust for breach of an alleged partnership or joint venture agreement, fraud, and declaratory relief. In his pleadings, Rattner alleged that he and Contos, both California residents, entered into an oral agreement to find, acquire, hold, manage, develop, and sell real estate, principally in the Texas real estate market. Rattner asserted that he, in large part, developed a plan where Contos would trade his prior investments in Nevada real estate for similar investments in Texas. Rattner would contribute time and effort in locating the properties and Contos would provide the financing. The two men allegedly agreed to share in the profits and losses generated by this endeavor. After several properties had been acquired, Rattner became concerned about his business arrangement with Contos. Rattner filed suit in Bexar County seeking a declaratory judgment that Rattner and Contos had entered into a partnership or joint venture with regard to Texas properties, an accounting of partnership profits and losses, and dissolution of the partnership or joint venture with a distribution of the assets. Rattner asserted that he feared and believed Contos would sell all or part of the Texas real estate[1] to third parties and then fail to account to Rattner for Rattner's share of the profits from any such sale. Rattner also asserted fraud, breach of contract, and unjust enrichment claims.

---

[1] The Texas real property at issue is located in Guadalupe County, Harris County, and Bexar County.

Contos filed a verified special appearance, both individually and on behalf of the Contos Family Trust, asserting they are not amenable to personal jurisdiction because Contos is a resident of California, the Contos Family Trust was created and is operated under the laws of California, neither defendant maintains (nor has ever maintained) offices, employees, business records, or an agent for service of process in Texas, and neither defendant has ever owned or leased buildings or facilities in Texas, advertised to residents in Texas, or recruited Texas residents for employment. In response, Rattner submitted three affidavits: the affidavit of his attorney Robert J. Myers; the affidavit of Richard D. Smith, who traveled to Texas on at least one occasion with Rattner and Contos; and Rattner's own affidavit. Contos and the Contos Family Trust objected to portions of all the affidavits filed in opposition to their special appearance on the grounds of hearsay and conclusory, vague, or speculative statements. After a hearing, the trial court sustained Contos' objections to the affidavits of Myers, Smith, and Rattner, sustained the defendants' special appearance, and dismissed Rattner's suit. This appeal followed.

## APPLICABLE LAW

The plaintiff bears the initial burden of pleading facts sufficient to bring a nonresident defendant within the provisions of the long-arm statute. *Republic Drilling Co.,* 278 S.W.3d at 337. Upon filing a special appearance, the nonresident defendant then assumes the burden to negate all the bases of personal jurisdiction alleged by the plaintiff. *Id.* Whether a court has personal jurisdiction over a nonresident defendant is a question of law; however, the trial court frequently must resolve questions of fact before deciding the jurisdictional question. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). On appeal, we review the trial court's findings of fact for legal and factual sufficiency. *Id.* at 794-95. In conducting a legal sufficiency analysis, we review

the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge fails. *BMC Software*, 83 S.W.3d at 795. In reviewing for factual sufficiency, we examine all evidence in the record and reverse only if the finding is so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 7 (Tex. App.—San Antonio 2004, pet. denied). We review the trial court's conclusions of law drawn from the findings of fact *de novo*. *BMC Software*, 83 S.W.3d at 794.

### Due Process Constraints

Texas courts may exercise *in personam* jurisdiction over a nonresident defendant as authorized under the Texas long-arm statute provided that the exercise of such personal jurisdiction meets federal and state constitutional due process guarantees. *Republic Drilling Co.,* 278 S.W.3d at 337; *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). To meet constitutional due process guarantees, the court must find that (1) the nonresident defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and (2) the court's assertion of jurisdiction meets "traditional notions of fair play and substantial justice." *Republic Drilling Co.,* 278 S.W.3d at 338.

#### (A) Minimum Contacts

Personal jurisdiction has been described as either general—predicated on a party's "continuous and systematic" contacts with the forum, or specific—that is, based on contacts arising from the dispute at issue. *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex.

2007); *BMC Software*, 83 S.W.3d at 795-96.  Here, although his pleadings claimed both general and specific jurisdiction, Rattner makes no substantive argument on appeal that the trial court erred in concluding that general jurisdiction did not exist.  *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").  Accordingly, we focus our analysis on specific jurisdiction and whether Contos and the Contos Family Trust met their burden of negating specific jurisdiction. Specific jurisdiction arises when "(1) the defendant purposefully avails itself of conducting activities in the forum state, and (2) the cause of action arises from or is related to those contacts or activities." *Republic Drilling Co.,* 278 S.W.3d at 338.

Here, assuming without deciding that the trial court correctly sustained Contos' objections and excluded the affidavits Rattner filed in opposition to the special appearances, the trial court had before it Rattner's verified petition and Contos' affidavit in support of the special appearance.  Relevant to specific jurisdiction, Rattner's pleadings allege that he and Contos, both California residents, entered into an oral agreement to find, acquire, hold, manage, develop, and sell real estate principally in the Texas real estate market.  His pleadings do not allege that the agreement between these two California residents was formed in Texas and do not detail the "significant contacts" that Contos had with Texas. To the contrary, Rattner's pleadings affirmatively state that in exchange for Contos providing financing, Rattner, not Contos, would identify investment opportunities, principally in the Texas real estate market.  Additionally, Rattner's pleadings set forth no specific allegations against the Contos Family Trust, except to state that the Trust owns Texas real estate.  Rattner's suit seeks a declaratory judgment that Rattner and Contos had entered into a partnership or joint venture with regard to Texas

properties, an accounting of partnership profits and losses, and dissolution of the partnership or joint venture with a distribution of the assets.

Contos' affidavit offered to negate jurisdiction does not deny Rattner's allegations that Rattner and Contos entered into an oral agreement to find, acquire, hold, manage, develop, and sell real estate principally in the Texas real estate market. Contos does deny continuous or systematic business in Texas,[2] but admits that he traveled in and out of Texas for the purpose of identifying and purchasing property on behalf of the Contos Family Trust beginning during the Fall of 2006 and continuing for an approximately nine-month period. Contos also admits that the Contos Family Trust, which he describes as an estate planning trust, owns property in three Texas counties: Guadalupe, Bexar, and Harris counties.

Based on the pleadings and Contos' affidavit, Rattner argues that the trial court erred in its findings of fact that Contos and the Contos Family Trust did not have minimum contacts with Texas, that the suit does not involve ownership or title to real property located in Texas, and that the exercise of personal jurisdiction over either defendant would offend traditional notions of fair play and substantial justice. For the reasons set forth below, we agree.

### 1. Purposeful Availment

For the purpose of determining if a nonresident defendant purposefully availed itself of the privilege of conducting activities within the forum state, "only the defendant's contacts with the forum are relevant," the contacts "must be purposeful rather than random, fortuitous, or attenuated," and the

---

[2] Contos' affidavit also states he is a resident of and a licensed attorney in the State of California; that the Contos Family Trust was created in California and is domiciled in California; and that Contos individually does not now own, and has never owned, any real property in Texas. Neither the Contos Family Trust nor Contos individually has offices or employees in Texas, owns or leases property in Texas, advertises in Texas, recruits Texas residents as employees, or has appointed an agent for service of process in Texas.

defendant must "seek some benefit, advantage or profit by 'availing' itself of the jurisdiction." *Republic Drilling Co.,* 278 S.W.3d at 338-39; *Moki Mac*, 221 S.W.3d at 575 (recognizing there are three parts to a "purposeful availment" inquiry). "Additionally, the minimum-contacts analysis is focused on the quality and nature of the defendant's contacts, rather than their number." *Republic Drilling Co.,* 278 S.W.3d at 339.

Based on the undisputed evidence before the trial court, we conclude that Contos' contacts with Texas meet the purposeful-availment standard. Contos admitted that he willingly traveled in and out of Texas over a nine-month period in order to find and purchase Texas real property on behalf of his Family Trust. Based on Contos' multiple contacts with Texas, three separate pieces of real property were ultimately purchased in Guadalupe, Harris, and Bexar Counties, Texas. Contos' contacts with Texas were purposeful, not random, fortuitous, or attenuated, and specifically sought a "benefit, advantage or profit" in Texas. *Id*. Additionally, by taking ownership of Texas real property, the Contos Family Trust created a continuing relationship with Texas that affords the Contos Family Trust benefits and protections under Texas law. *Id.* ("real property will always be in Texas, which leaves no doubt of the continuing relationship that this ownership creates"). Accordingly, we conclude that the undisputed evidence establishes that both Contos and the Contos Family Trust purposefully availed themselves of the privilege of conducting activities in Texas.

### 2. *Arises From or Related to*

Having found that Contos' contacts with Texas meet the purposeful-availment standard, we next must determine whether "the defendant's liability arises from or is related to the forum contacts." *Id.* at 340 (quoting *Moki Mac*, 221 S.W.3d at 579) ("[P]urposeful availment alone will not support an exercise of specific jurisdiction . . . unless the defendant's liability arises from or relates to the forum

contacts."). Here, Rattner's pleadings allege that he and Contos entered into an agreement to share in the profits and losses associated with the purchase and sale or development of Texas real property, an allegation never denied by Contos. Rattner's suit then sets forth four causes of action: (1) "a judicial declaration of the existence of the partnership or joint venture between himself and Contos with regard to the Texas real estate projects;" (2) "fraud in a real estate transaction;" (3) breach of contract "to identify, acquire, hold, develop, manage and/or dispose of certain real property interests in Texas for a profit;" and (4) unjust enrichment based on "Contos' representations that he would share in the profits of the Texas real estate ventures." Each of Rattner's four causes of action reference the real property located in Texas—real property admittedly purchased by Contos in the name of the Contos Family Trust.

Contos argues that the trial court correctly found that the current litigation does not involve ownership or title to Texas property. Contos maintains this is a suit for money damages between two California residents over a claimed business relationship that was formed in California. Relying on *Potkovick v. Regional Ventures, Inc.* 904 S.W.2d 846 (Tex. App.—Eastland 1995, no writ), Contos argues Texas property must be the focal point of the litigation to exercise specific jurisdiction over the property owner. *Id.* at 847 ("We conclude that mere ownership of the real property alone is insufficient to bestow *in personam* jurisdiction: the ownership of the real property must be the subject of the underlying suit."). Because the property at issue here, instead of being at the focal point of the litigation, is, at most, a claimed asset of the business venture, Contos argues specific jurisdiction fails. We disagree. Contos is alleged to have entered into a business relationship to share in the profits and losses associated with finding, developing, and selling Texas real estate. As a result of this alleged relationship, Texas property was purchased and is now owned by the Contos Family Trust. Contos'

alleged liability, if any, stems from or is substantially connected to his purchase of the property and how that property has been held, managed, developed, and/or sold since its purchase. Accordingly, the property is not only a claimed asset, but is also the very subject matter of the claimed business relationship. Contos' contacts with Texas are sufficient to demonstrate that this alleged tort occurred at least, in part, in Texas. *See Republic Drilling Co.,* 278 S.W.3d at 341.

### (B) Traditional Notions of Fair Play and Substantial Justice

Finally, having found that Contos and the Contos Family Trust have minimum contacts with Texas sufficient to support specific jurisdiction, we next determine whether an assertion of jurisdiction over these nonresidents comports with "traditional notions of fair play and substantial justice." *Id.* We consider: (1) "the burden on the defendant;" (2) the interests of the forum state in adjudicating the dispute; (3) "the plaintiff's interest in obtaining convenient and effective relief;" (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies;" and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Guardian Royal Exchange Assur., Ltd. v. English China Clays*, *P.L.C.*, 815 S.W.2d 223, 228 (Tex. 1991). "In this inquiry, it is incumbent upon the defendant to present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Id.* at 231 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Contos contends the trial court correctly found that exercise of jurisdiction over the nonresident defendants would violate traditional notions of fair play and substantial justice. Contos argues that California courts have more interest in resolving this dispute because it is between two California businessmen over a partnership allegedly created under California law. Although we agree California may have some interest in this litigation, other factors weigh in favor of Rattner and the forum state.

Rattner chose to resolve this controversy in Texas because the property at issue is located here. Additionally, as noted by the court in *Republic Drilling, Co.,* "Texas has an interest in resolving controversies involving real property within its borders . . . Moreover, California has much less of an interest in resolving Texas real property disputes than does Texas." *Republic Drilling Co.,* 278 S.W.3d at 341-42. Accordingly, although we agree Contos and the Contos Family Trust are burdened by litigation outside their home state of California, weighing all factors, we cannot say that jurisdiction in Texas violates traditional notions of fair play and substantial justice.

**CONCLUSION** In summary, we conclude that Contos and the Contos Family Trust have established minimum contacts with Texas to support specific jurisdiction and that the exercise of jurisdiction over these nonresidents does not offend traditional notions of fair play and substantial justice. Accordingly, we reverse the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.

Phylis J. Speedlin, Justice